



THIS CONSTITUTES ...
AS REQUIRED BY FRCP, RULE ...

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR 90-498-ER |
| ) | CV 97-1212-ER |
| Plaintiff, ) | |
| ) | ORDER GRANTING IN PART AND |
| v. ) | DENYING IN PART DEFENDANT'S |
| ) | APPLICATION FOR A CERTIFICATE |
| ) | OF APPEALABILITY |
| MICHAEL DAVID CHRISTAKIS, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

ENTER ON JCMS

MAR  1 1999

    The Court has read and considered the papers filed in

connection with the Defendant's Memorandum of Points and

Authorities in Support of Issuance of a Certificate of

Appealability, and having determined the issues suitable for

resolution without the need for oral argument, now HEREBY GRANTS

IN PART and DENIES IN PART the Defendant's application for a

certificate of appealability for the reasons set forth below.

254

I.

The Defendant was charged in a five-count superseding indictment that alleged, among other things, that the Defendant headed and directed a conspiracy to distribute cocaine. The Defendant pled guilty to one count of conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1). On May 6, 1991, the Court sentenced the Defendant as a career offender to 292 months imprisonment.

On February 25, 1997, the Defendant filed a motion to vacate, set aside or correct his sentence, brought pursuant to 28 U.S.C. § 2255. The Defendant urged the Court to vacate his guilty plea because: (1) the Court failed to advise him of the dangers of conflicted counsel, as is required by Wood v. Georgia, 450 U.S. 261 (1981); (2) the government failed to advise the Court of the conflict of interest between the defendant and his counsel, as is purportedly required by Wheat v. United States, 108 S. Ct. 1692 (1986); and (3) the defendant's plea was involuntary because it was the result of ineffective assistance of counsel arising out of his counsel's actual conflict of interest. All three of the Defendant's claims were based on an alleged conflict of interest between the Defendant and his then-counsel Victor Sherman.

On June 11, 1998, the Court denied the Defendant's § 2255 motion. See Order Denying Defendant's Motion to Vacate, Set Aside or Correct Sentence ("Order"). The Court found that neither Wood nor Wheat requires automatic reversal in the present

1   case. See Order at 4. The Court also found that the Defendant

2   had not produced any evidence that the cases in which Sherman

3   actually represented Dario Di Cesare and the Defendant are

4   substantially related or that Sherman revealed privileged

5   communications to either the Defendant or Di Cesare in the course

6   of his representation or otherwise. See Order at 6.

7          The Defendant now asks the Court to certify for appeal the

8   issues contained in his pleadings, including his claim that

9   Sherman had an actual conflict of interest arising from his

10  representation of Di Cesare. See Memorandum of Points and

11  Authorities in Support of Issuance of a Certificate of

12  Appealability at 3.

13                                    II.

14         Under the Antiterrorism and Effective Death Penalty Act of

15  1996 ("AEDPA"), the Defendant may not appeal from the Court's

16  order denying his § 2255 motion unless the Court issues a

17  certificate of appealability. 28 USC § 2253(c)(1). The Court

18  must issue such a certificate of appealability if the Defendant

19  "has made a substantial showing of the denial of a constitutional

20  right." 28 USC § 2253(c)(2).

21         The AEDPA's "substantial showing of the denial of a

22  constitutional right" standard has been interpreted to codify the

23  standard set-forth in Barefoot v. Estelle, 103 S. Ct. 3383

24  (1983). In Barefoot, the Supreme Court held that a certificate

25  must issue if the appeal presents a "question of some substance,"

26  i.e., that the issues are: (1) "debatable among jurists of

27

28                                     3

1  reason;" (2) "that a court could resolve the issues [in a

2  different manner];" or (3) "that the questions are 'adequate to

3  deserve encouragement to proceed further.'"   Barefoot, 103 S. Ct.

4  at 3394 n.4.

III.

6      The Court HEREBY DENIES the Defendant's application for a

7  certificate of appealability with respect to his claims that the

8  Court failed to advise him of the dangers of conflicted counsel

9  and that the government failed to advise the Court of the

10  conflict of interest between the Defendant and his counsel.

11      As the Court stated in denying the Defendant's § 2255

12  motion, the Defendant has "stretched the holding of Wood beyond

13  recognition."   Order at 4:13-16.   Because the Defendant's claims

14  based on Wood and Wheat are not "adequate to deserve

15  encouragement to proceed further," Barefoot, 103 S. Ct. at 3394

16  n.4, the Court DENIES the Defendant's request for a certificate

17  of appealabilty with respect to these issues.   See 28 USC §

18  2253(c)(2).

IV.

20      The Court HEREBY GRANTS the Defendant's application for a

21  certificate of appealability with respect to his claim that his

22  plea was involuntary because it was the result of ineffective

23  assistance of counsel arising out of his counsel's actual

24  conflict of interest.[1]   The Defendant argues in his § 2255 motion

25  _____

26      [1] "An actual conflict, as opposed to the mere possibility
    of a conflict, is necessary to establish ineffective assistance."

27  Sanders v. Ratelle, 21 F.3d 1446, 1452 (9th Cir. 1994).

28                                    4

1 | that his guilty plea should be vacated because an actual conflict
2 | of interest rendered his counsel's assistance during the plea
3 | process ineffective, thus making his plea of guilty involuntary
4 | and invalid.

5 |     In denying the Defendant's § 2255 motion, the Court found
6 | that the Defendant had not produced any evidence that the cases
7 | in which Sherman actually represented Di Cesare and the Defendant
8 | were substantially related or that Sherman revealed privileged
9 | communications to either the Defendant or Di Cesare in the course
10 | of his representation or otherwise.  See Order at 6.  "Rather,
11 | Christakis argues that there were 'divided loyalties.'  But again,
12 | no evidence of how these cases actually created a conflict of
13 | interest has been presented."  Order at 6:13-16.

14 |     The Defendant now asks the Court to certify for appeal his
15 | claim that Sherman had an actual conflict of interest arising
16 | from his representation of Di Cesare and whether this conflict
17 | rendered counsel ineffective.  See Memorandum of Points and
18 | Authorities in Support of Issuance of a Certificate of
19 | Appealability at 3.  In support of his request, the Defendant has
20 | attached a declaration from Sherman.  See Declaration of Victor
21 | Sherman ("Sherman Decl.").  Sherman states that Di Cesare was his
22 | client and that he continued to represent Di Cesare in his
23 | efforts to obtain a prisoner treaty transfer to Italy between
24 | August 1990 and September 1998.  See Sherman Decl. ¶ 8-9.
25 | Sherman further states that he did not discuss cooperation with
26 | the Defendant generally, and that he did not discuss cooperation

27 |
28 |

1 │ against Di Cesare "because of my relationship with Mr. DiCesare."

2 │ Id. at ¶ 7.  Moreover, Sherman states that he never discussed the

3 │ Career Offender guidelines with the Defendant prior to the plea,

4 │ Id. at ¶ 5, and that he would have provided this information at

5 │ an evidentiary hearing had he been called to testify.  Id. at ¶

6 │ 10.

7 │      The Court remain skeptical that Sherman had "divided

8 │ loyalties."  However, a certificate must issue if the Defendant's

9 │ claim presents a "question of some substance," i.e., that the

10 │ issues are: (1) "debatable among jurists of reason;" (2) "that a

11 │ court could resolve the issues [in a different manner];" or (3)

12 │ "that the questions are 'adequate to deserve encouragement to

13 │ proceed further.'"  Barefoot, 103 S. Ct. at 3394 n.4.

14 │ Accordingly, the Court GRANTS the Defendant's request for a

15 │ certificate of appealabilty with respect to this issue.  See 28

16 │ USC § 2253(c)(2).

17 │

18 │      IT IS SO ORDERED.

19 │      IT IS FURTHER ORDERED that the Clerk of the Court shall

20 │ serve, by telefax or by United States mail, copies of this Order

21 │

22 │

23 │ on counsel for the parties in this matter.

24 │           Dated: FEB 23 1999

25 │                                     _Edward Rafeedie_

26 │                                     EDWARD RAFEEDIE
   │                                     United States District Judge

27 │

28 │                              6