"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CV 97-1212 AHS |
| | ) | CR 90-498 ER |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER DENYING MOTION TO ALTER |
| | ) | OR AMEND JUDGMENT; ORDER |
| MICHAEL CHRISTAKIS, | ) | DENYING CERTIFICATE OF |
| | ) | APPEALABILITY |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

**I.**

**BACKGROUND**

Defendant Michael Christakis ("defendant") was sentenced on May 6, 1991, to a 292-month term of imprisonment for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, 841(a)(1). (Def.'s Ex. B at 1). The Court of Appeals for the Ninth Circuit affirmed defendant's conviction on appeal, and the mandate was spread May 15, 1992.

Defendant made several attempts to file a motion to vacate his sentence, succeeding in February of 1997. (Id.). In that motion, defendant made two claims:

>First, he argued that [Victor] Sherman did not thoroughly examine witnesses during the Franks hearing because he was trying to avoid highlighting Dicesare's [another Sherman client] involvement in the conspiracy. Second, he argued that Sherman never advised him to consider providing the government with information that would have implicated DiCesare in the drug conspiracy in exchange for reduced sentence.

United States v. Christakis, 238 F.3d 1164, 1167 (9th Cir. 2001). The Honorable Edward Rafeedie initially denied the motion without evidentiary hearing. Id. The Ninth Circuit, however, reversed and required the Court to hold an evidentiary hearing. Id. at 1170-71. When remanding the case, the Ninth Circuit specifically cited the following sworn statement by defendant's trial counsel, Mr. Sherman: "I am sure that one of the reasons I did not discuss this option [to cooperate with government against other Sherman client] with Mr. Christakis was because of my relationship with Mr. DiCesare." Id. at 1170.

Judge Rafeedie subsequently held an evidentiary hearing on defendant's claim of a conflict of in interest on the part of Sherman. (Def.'s Ex. B at 1-2). After considering two affidavits by Sherman dated in 1997 and 1998 and testimony including Sherman's at the evidentiary hearing, the Court denied defendant's motion because, although defense counsel did represent conflicting interests, defendant failed to show any adverse effect on counsel's representation of defendant. (Def.'s Ex. B at 5-6). The Court considered a perceived inconsistency between two affidavits by Sherman and then specifically found that Sherman's testimony that he did not perceive a conflict and that it did not affect his representation of defendant was credible. (Id.).

1  Defendant appealed the denial of his motion. (Ex. A at
2  11). On February 12, 2004, the Ninth Circuit affirmed the denial
3  of defendant's motion based upon defendant's failure to establish
4  an adverse effect on counsel's performance, 87 Fed. App. 678, and
5  the mandate was received May 27, 2004. (Ex. A at 12). On July 10,
6  2006, over two years later, defendant attempted to file a motion to
7  "re-open" the judgment, but the Court rejected it. (Id.).

8  On or about May 1, 2008, defendant signed the instant
9  "Motion to Alter or Amend the Judgment Pursuant to Federal Rules of
10 Civil Procedure, Rule 59(e)," and it was ordered filed on July 18,
11 2008, and referred to the chief judge due to the unavailability of
12 the trial judge.

13 Defendant relies on a June 27, 2005 declaration by trial
14 counsel Sheriman to re-open his prior motion under section 2255.
15 (Def.'s Mot. at 11). In this declaration, Sherman restates some of
16 his testimony during the evidentiary hearing, argues that the 1998
17 declaration was not false or contradictory, states that he re-wrote
18 the 1998 declaration, and re-iterates again that he believed he
19 withheld advising defendant of the possibility of cooperating
20 against a Mr. DiCesare "because of [Sherman's] relationship with
21 Mr. DiCesare." (Def.'s Mot. Ex D at 1-2).

22                                **II.**

23                     **SUMMARY OF PARTIES' POSITIONS**

24 **A.     Defendant's Motion to Alter or Amend the Judgment**

25 Defendant contends that, based on his motion and the
26 files and records of this case, the "Court should reconsider its
27 previous factual and legal conclusions, and thereafter alter and
28 amend the judgment by granting defendant's motion to vacate, and

set aside his conviction pursuant to 28 U.S.C. § 2255, or in the alternative, the Court should hold an evidentiary hearing on this matter." (Def.'s Mot. at 17). In his Reply, defendant asserts his claim for the same relief, but proposes that, if the Court does not find Rule 59(e) a suitable vehicle upon which to grant relief, then the Court should grant relief under Rule 60(b)(6) or Rule 60(d)(1). Finally, defendant concludes that the Court should grant the motion to alter or amend the judgment in a manner it deems appropriate or "construe this motion as a motion under one of the alternatives provided to grant equitable relief." (Def. Reply at 10).

At the heart of defendant's motion, no matter by what name, is his claim that he should have his conviction set aside because he did not have conflict-free representation when he made his guilty plea. That is because Mr. Sherman did not suggest that he, Michael Christakis, consider offering to cooperate with the government by offering information against another Sherman client.

**B.         Government's Opposition**

The government summarizes the lengthy docket entries reflecting defendant's many efforts to set aside his conviction over the years and points out that defendant has not obtained permission to bring this motion which is really a successive § 2255 motion. In addition, the motion is time-barred and does not make out a claim based on a new constitutional rule or a claim of actual innocence. Lastly, the government urges the Court to deny a certificate of appealability because there is no substantial showing of the denial of a constitutional right.
//

4

### III.

### **DISCUSSION**

"In general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorensten v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). The Court cannot consider a second or successive motion because the law restricts second or successive motions under § 2255. Castro v. United States, 540 U.S. 375, 377, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003). A second or successive habeas motion under section 2255 may be brought only if it is "certified as provided in [28 U.S.C.] section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255; United States v. Reyes, 358 F.3d 1095, 1097 (9th Cir. 2004) (dismissing successive habeas motion). The appropriate court of appeals must find the successive motion contains "(1) newly discovered evidence, that if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255.

Defendant has not asked the court of appeals for permission to bring this motion, contending that a motion under F. R. Civ. P. 59(e) ("Rule 59(e) motion") is not subject to the same strictures as a § 2255 motion, which has admittedly been adjudicated, denied, and affirmed. Defendant relies on Howard v. United States, 533 F.3d 472 (6th Cir. 2008) for the proposition that a Rule 59(e) motion is not the same as a § 2255 motion. While

5

true, it is the substance of the motion that must govern its disposition.  In Howard, the dissenting judge assessed the place of Rule 59(e) motions when brought by prisoners contesting their convictions thusly:  some will lie in spite of a prior § 2255 motion having been adjudicated, and some will not.

Defendant's motion falls in the latter category.  As he candidly expressed it in his motion, he wants the judgment altered by granting his motion to vacate his conviction.  The government's arguments in opposition are meritorious:  there is nothing new about the 2005 declaration of Mr. Sherman nor is there any showing of any new constitutional rule or a claim of actual innocence.  In short, there is no evading the requirement that defendant must apply to the Court of Appeals for the Ninth Circuit to bring the instant motion.

**IV.**

**CONCLUSION**

Defendant's Rule 59(e) motion is an attempt to relitigate his earlier motion to vacate and set aside his conviction.  He has not been granted permission to do so.  Because defendant makes no substantial showing of the denial of a constitutional right, the Court denies a certificate of appealability.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on all parties in this action.

DATED:  February 9, 2009.

*ALICEMARIE H. STOTLER*

_____
ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE